SAM GLASSCOCK III
VICE CHANCELLOR

# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: December 3, 2015
Date Decided: December 4, 2015

David G. Holmes, Esquire
Cross & Simon, LLC
1105 North Market Street, Suite 901
Wilmington, DE 19899

Leo John Ramunno, Esquire
5149 W. Woodmill Drive, Suite 20
Wilmington, DE 19808

> Re: *Gonzales v. Cornerstone Legal Grp. LLC*,
> C.A. No. 11034-VCG

Dear Counsel:

This matter involves the Defendant's alleged violation of The Delaware Uniform Debt-Management Services Act (the "Act") and related actionable behavior in connection with provision of debt management services in this state. Currently before me is the Plaintiff's motion to shift fees (the "Motion for Sanctions") in connection with the Defendant's Motion to Dismiss. The Motion to Dismiss, and accompanying brief, sought dismissal in vindication, purportedly, of a binding arbitration clause in a contract between the parties. The Plaintiff filed a brief in opposition to the motion, pointing out that the Plaintiff had undertaken to void the arbitration provision, as he had the right to do under the Act, in light of the fact that the Defendant is an unlicensed debt-management-services provider.[1] The Plaintiff

---

[1] *See* 6 *Del. C.* § 2425A.

also noted that he had made counsel for the Defendant aware that the arbitration provision was void before the opening brief was filed, but that the Defendant had nonetheless ignored the issue in the opening brief; in addition, the Plaintiff pointed out other deficiencies in the opening brief. The Defendant declined to file a reply brief or otherwise respond in writing to Plaintiff's contention that any contractual arbitration provisions were void. The matter was set for oral argument, at which Plaintiff's counsel appeared but Defendant's counsel did not. At that time, I denied the Motion to Dismiss (without prejudice to the Defendant's right to raise any issue addressed therein in the litigation) and told Plaintiff's counsel I would consider a motion for sanctions. The Plaintiff has moved for sanctions, seeking its fees in connection with opposing the Motion to Dismiss, alleging bad faith on the part of the Defendant.

This jurisdiction follows the American Rule, under which attorneys' fees, as a general rule, are borne by the party that incurs them.[2] Exceptions exist; among these is the principle that legal expenses incurred as a result of an opponent's bad faith litigation must be borne by the misfeasor.[3]

Defendant's counsel has characterized his failure to appear as an inadvertent mistake, and I take him at his word. Since I denied the Motion to Dismiss, which is

---

[2] *See Kaung v. Cole Nat. Corp.*, 884 A.2d 500, 506 (Del. 2005) (citations omitted).
[3] *See id.*

2

the result the Plaintiff would have sought had Defendant's counsel appeared as scheduled, no sanctions are appropriate based on Defendant's counsel's failure to appear. Defendant's counsel argues that the Plaintiff's Motion for Sanctions should therefore be denied. The Defendant has not explained, however, how it could, in good faith, file a motion to dismiss based on an arbitration clause that it knew the Plaintiff had purported to make void, without disclosing and addressing that issue in seeking dismissal of the action in favor of arbitration. Nor does it explain why, once such an argument was raised in the answering brief, it neither withdrew its Motion to Dismiss nor addressed the Plaintiff's argument by filing a reply brief. These are among the actions that the Plaintiff argues amount to bad faith, and the Defendant has ignored them in its opposition to the motion.

It seems to me that the appropriate way to address these issues is to defer action on the Plaintiff's Motion for Sanctions until the litigation—which, as the Defendant points out, is in its infancy—has matured, and I have a better feeling for the good-faith grounds, if any, upon which the Defendant opposes the relief sought in the complaint. Accordingly, I consider the matter under advisement, and defer a ruling, which I will make, in part, in light of the further course of the litigation. The parties may ask me to revisit this matter at any time that they find appropriate.

3

To the extent that the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III